NO. 07-06-0140-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 9, 2006


______________________________



TERESA ANN PULLEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 20TH DISTRICT COURT OF MILAM COUNTY;



NO. 21,177; HON. ED MAGRE, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Teresa Ann Pulley (appellant) appeals her conviction for driving while intoxicated. 
Her two issues concern the trial court's decision to deny her motion to suppress. The
motion should have been granted because the officer purportedly lacked basis to initially
stop and thereafter arrest her for the charged offense. We overrule each issue and affirm
the judgment.

 The record contains evidence illustrating that officers saw a truck being driven at
night without its headlights being activated. (1) In particular, the officers saw "movement of
some type in the dark [on Bell Street], and then . . . brake lights went off and backup lights
came on, and the vehicle backup lights came off and the brake lights went off again, then
the vehicle went into the driveway" from the street. During that time of day, ". . . the vehicle
operator [was] required to use their [sic] headlights," according to the testifying officer. 
Next, after the officers arrived at the driveway and exited their vehicle, appellant was seen
walking "around the front of the" truck. One of the officers asked appellant to "come over
to the car," to which directive she responded that "she really didn't do anything wrong" and
that "she just decided to follow her nephew." As this occurred, someone exited the
residence in front of which the detention occurred. This person then informed the officers
that appellant "was all alone" when she originally left the abode. And, though an officer
purported to see someone else run from the area when they came upon the now parked
truck, appellant "told [them] that nobody ran from the vehicle." Nor was anyone else found
in the area. 

 During the discourse between appellant and the officers, it was noticed she "had an
odor of alcoholic beverage coming from her breath." Though denying that she had been
drinking, appellant nevertheless admitted to taking "Xanax." Thereafter, the officers had
her perform field sobriety tests. Based upon her performance of those tests, the officers
attempted to arrest her. At that point, appellant "took off running." 

 Statute requires one to engage a vehicle's headlights while driving after dark. Tex.
Transp. Code Ann. §547.302(a)(1) (Vernon 1999). That the officers saw someone
disobeying the statute provided them with, at the very least, reasonable suspicion to
investigate apparent criminal activity. Thus, they were entitled to detain appellant, given
her proximity to a truck that had just stopped and her apparent exit from the vehicle. It was
during this detention that the officers encountered other circumstances permitting them to
investigate the possibility that other crimes had been committed (i.e. driving while
intoxicated) by appellant. 

 The thrust of appellant's contention, however, involves the identity of the person
driving the truck. That is, appellant believed that the officers had insufficient evidence
upon which to detain her as the truck driver. We disagree. Again, the officers witnessed
the truck first in the street and then pull into the driveway. Thus, it could be rationally said
that someone was operating it on a public road. Furthermore, appellant was the only
person found in the immediate vicinity of the truck immediately after it stopped in the
driveway. And, while the officers thought they saw someone run from the area, not only
did appellant deny that anyone had run from her vehicle, she admitted to just having
followed her nephew. So too did a third party represent that appellant had been alone
when she left in the vehicle. Nor can we forget that appellant tried to escape upon learning
of her arrest. Thus, we have before us more than appellant's own statements purporting
to identify her as the driver. We have her proximity to the vehicle, the absence of others
in the area, the statement of a third party and appellant's own consciousness of guilt (as
evinced by her attempt to escape). In toto, this evidence, if accepted by the trial court, was
enough to vest the officers with probable cause to believe that several crimes had occurred
in their presence (i.e., driving without lights and while intoxicated) and that appellant was
the one who committed them.

 Accordingly, we affirm the decision to overrule appellant's motion to suppress.


 Per Curiam

Do not publish. 
1. At the time, the officers were searching for a truck and driver purportedly involved in an altercation
at a local convenience store.